IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Rome Division

**ANTHONY BOBULINSKI**,            )
                                   )
    *Plaintiff,*                     )
                                   )
v.                                 )     Case No.: 4:24-cv-00062-WMR
                                   )
**CASSIDY HUTCHINSON,**            )
                                   )
    *Defendant.*                     )
_____)

### PLAINTIFF'S MOTION TO TRANSFER VENUE

Plaintiff, Anthony Bobulinski, by counsel, pursuant to this Court's directive at oral argument, respectfully moves this Court, to the extent the Court is inclined to dismiss this matter on personal jurisdiction grounds, to transfer venue to the United States District Court, District of Columbia, pursuant to 28 U.S.C §1404 and/or 28 U.S.C. § 1406.

### BACKGROUND

Mr. Bobulinski brought this case on March 4, 2024, and filed his Amended Complaint on June 18, 2024. Dkt. Nos. 1, 20. On July 18, 2024, Defendant moved to dismiss the Amended Complaint on grounds of personal jurisdiction and failure to state a claim. Dkt. No. 25. On August 12, 2024, Mr. Bobulinksi filed a motion for limited discovery to determine if this Court

possessed personal jurisdiction in this case. Dkt. No. 26. On August 19, 2024, Mr. Bobulinski filed his opposition to Defendant's motion to dismiss. Dkt. No. 29.

On February 19, 2025, this Court held oral argument on the pending motions. The Court suggested that it was inclined to grant Defendant's motion to dismiss on personal jurisdiction grounds, but it also suggested that there was a plausible claim for defamation and false light invasion of privacy and invited the parties to file supplemental briefing on whether the case should be transferred to an appropriate jurisdiction. Therefore, to the extent this Court is inclined to dismiss this matter on personal jurisdiction grounds, Mr. Bobulinski moves for a transfer of venue to the District Court for the District of Columbia, which would have had jurisdiction over this matter originally.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of Section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotation omitted).

2

"The decision to transfer a case to another district is left to the sound discretion of the trial court." *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F.2d 1193, 1197 (11th Cir. 1991). "Section 1404(a) is intended to provide for 'individualized, case-by-case consideration of convenience and fairness.'" *LLW Enter., LLC v. Ryan*, No. 8:19-cv-01641-MSS-AAS, 2020 WL 2630859, at *15 (M.D. Fla. May 4, 2020) (quoting *Van Dusen*, 376 U.S. at 622). "The movant has the burden of persuading the trial court that transfer is appropriate and should be granted." *Id.* (quotation omitted). Generally, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir. 1996) (citations omitted). Here, this is less of an issue than in many motions to transfer, as Mr. Bobulinski, the Plaintiff, is seeking the transfer.

## ARGUMENT

### I.    This Court has Personal Jurisdiction, but Even if it Does Not, the Court may Still Transfer this Case.

Mr. Bobulinski maintains his argument in briefing and oral argument that this Court has personal jurisdiction over Defendant.[1] Still, if the Court

---

[1] Likewise, Mr. Bobulinski maintains his request for limited personal jurisdiction discovery. As the Court alluded to in oral argument, it remains an

concludes that it does not have personal jurisdiction, it may still transfer this case.

"In this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either § 1404(a) or § 1406(a)." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n.16 (11th Cir. 1982). Citing this Eleventh Circuit ruling, this district recently noted, "[l]ack of personal jurisdiction does not serve as an impediment to transfer in such circumstances." *Berry v. United Merchant Asset Recovery of WNY, LLC*, 2022 WL 17541789, at *2 n. 5 (N.D. Ga. Oct. 25, 2022) (citing *Roofing & Sheet Metal Servs., Inc.*, 689 F.2d at 992 n.16). *See also Lyles v. Grant*, No. 1:17-cv-3145, 2017 WL 7725269, at *2 (N.D. Ga. Dec. 1, 2017) ("Therefore, the Court concludes that it lacks personal jurisdiction over Defendants in Georgia. However, in lieu of dismissing this action, the Court will instead transfer it to the District of South Carolina pursuant to 28 U.S.C. § 1404."); *LSSi Data Corp. v. Time Warner Cable Inc.*, No. 1:11-cv-2178, 2011 WL 13551828, at *2 (N.D. Ga. Nov. 1, 2011) ("Transfer is an available procedure even if the court does not have personal jurisdiction over the defendant."); *Elliott v. Williams*, 549 F.

---

open question as to what Defendant's activities were in Georgia. A simple discovery request for all drafts of the book will quickly inform the Court as to when and where Defendant was when writing the book.

Supp. 3d 1333, 1341 (S.D. Fla. 2021) ("where one court lacks personal jurisdiction over the defendant—or where the case presents difficult questions of personal jurisdiction—courts sometimes transfer under § 1404 rather than dismiss.").

This aligns with D.C. caselaw, which governs the venue where this case would be transferred. *See Atwal v. Myer*, 841 F.Supp.2d 364, 367 (D.D.C. 2012) ("Although this court lacks personal jurisdiction over Myer, this action may be transferred nevertheless to a proper venue.") Accordingly, even if this Court lacks personal jurisdiction, it may still transfer the case. As discussed below, transfer, rather than dismissal, is appropriate.

## II.    If the Court Concludes that it Lacks Personal Jurisdiction, it Should Transfer, Rather Than Dismiss.

"Courts embark on a two-prong inquiry when considering whether to transfer venue." *Massachusetts Mut. Life Ins. Co. v. Martin,* No. 1:14-CV-480-ODE, 2014 WL 12069860, at *1 (N.D. Ga. Apr. 18, 2014). The first step is to determine that the "alternative venue must be one in which the action originally could have been brought by the plaintiff. *Id.* (citing 28 U.S.C. § 1404).

The second step is a balancing test to determine if transfer is justified, including nine factors: "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability

of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Id.* (citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted)). "The burden is on the movant to establish that the alternative forum is more convenient." *Id.* (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

> **a.   The District Court for the District of Columbia would have had jurisdiction originally.**

Personal jurisdiction refers to a court's authority to hear a case involving a particular defendant, and in defamation cases, this authority can arise from the defendant's connections to the forum state. Here, the defendant's residency and actions within the District of Columbia create sufficient bases for the court to assert personal jurisdiction.

"Personal jurisdiction takes two forms: (1) general or all-purpose jurisdiction or (2) specific or case-linked jurisdiction." *Miley v. Hard Rock Hotel & Casino Punta Cana,* 537 F. Supp. 3d 1, 5–6 (D.D.C. 2021) (internal citations omitted). "General jurisdiction exists where a defendant has 'continuous and systematic' contacts with the forum state such that the defendant is 'essentially at home' in the forum." *Id.* (citing *Goodyear*, 564 U.S. at 919). The

defendant is a resident of the District of Columbia, and it is well-established that a court generally has personal jurisdiction over residents of the forum who are at home in the forum. *Id.*

In addition, the D.D.C. would have specific jurisdiction over Ms. Hutchinson due to her actions leading to the damages in this litigation. First, in D.C. Code § 13-423(a)(1), the District of Columbia's long-arm statute grants jurisdiction over any defendant who resides in the District of Columbia. Since Defendant resides in the District of Columbia, there is a statutory basis for the court to assert jurisdiction over her.

**b.      The factors weigh in favor of a transfer of venue.**

**1.      *The convenience of the witnesses and availability of process to compel witnesses.***

"The convenience of witnesses is a critical consideration in determining the more convenient forum for the litigation." *Hexcel Corp. v. Ineos Polymers, Inc.*, No. 1:08-CV-3637-CC, 2009 WL 10665434, at *4 (N.D. Ga. July 21, 2009) (citing *Ramsey v. Fox News Network, LLC,* 323 F. Supp. 2d 1352, 1356 (N.D. Ga. 2004) ("The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another...."). When analyzing this factor, "[t]he Court focuses on the convenience of key, non-party witnesses, specifically, as the Court presumes that the parties and their employees will be willing to travel, if necessary, to testify at trial. *Id.* (citing *Cellularvision*

7

*Technology & Telecommunications, L.P. v. Cellco Partnership,* No. 06-60666-CIV, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006) ("The convenience of non-party witnesses is an important, if not the most important, factor in determining whether a motion for transfer should be granted."); *Ramsey,* 323 F. Supp. 2d at 1356 ("the convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue")).

The District Court for the District of Columbia is a convenient forum for the key witnesses in this case. Ms. Hutchinson resides in Washington, D.C. Dkt. No. 20 at ¶ 6. Mr. Bobulinski is willing to travel to the D.D.C. for any necessary proceedings, including trial. Moreover, the other key witnesses include Mark Meadows, Liz Cheney, Dan George, other members of the January 6 Select Committee, and members of the Secret Service who were present at the Rome, Georgia rally. The balance of these witnesses would be available, or could be compelled to be available, in the D.D.C. Members of Congress would be available in the D.D.C.as they work there. Secret Service employees are likewise available for official proceedings in the D.D.C., and, as it was the then-White House Chief of Staff's detail present at the meeting at issue, they are likely employed in the District of Columbia area. Federal Rule of Civil Procedure 45(c)(1) provides, in relevant part, that "a subpoena may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly

transacts business in person; or (B) within the state where the person resides, is employed or regularly transacts business in person . . . ."

While Ms. Cheney and Mr. George may not be in the D.C. area anymore, they could be compelled to provide required discovery. They would also be subject to discovery remotely through depositions and other manner of discovery. Therefore, this factor weighs in favor of a transfer.

> ### 2. *The location of relevant documents, the relative ease of access to sources of proof, and the locus of operative facts.*

"This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial." *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1328 (M.D. Fla. 2010). Given technological advances, however, this factor is generally no longer heavily weighted. *See Nat'l Trust Ins. Co. v. Pennsylvania Nat'l Mutual Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1241 (M.D. Fla. 2016).

While Mr. Bobulinski has alleged that Ms. Hutchinson wrote her book and relevant portions while she lived in the State of Georgia, she has denied this allegation. Dkt. No. 25 at 4. Therefore, she must have been a resident of the District of Columbia during the time that she wrote the relevant portions of her book. This means that her relevant actions took place within the D.D.C.,

and the notes and background material supporting her book are likely also located in the D.D.C. In addition, the January 6 Committee's records are maintained in the D.D.C., as are the Secret Services' records. The only fact weighing against transfer is the interaction between Mr. Bobulinski and Mr. Meadows, which took place in Rome, Georgia. This, however, will be the subject of proof by many witnesses, including Plaintiff and Defendant, who are available in the District of Columbia.

Therefore, access to the relevant sources of proof, the location of the relevant documents, and the locus of operative facts support a transfer to the D.D.C.

### 3.    *The convenience of the parties.*

This factor is similar to the convenience of the witnesses. Here, this is, in essence, a non-issue since it is far more convenient for Ms. Hutchinson to litigate in her home jurisdiction than in Georgia. This factor is neutral as to Mr. Bobulinski as he is not at home in either Georgia or the District of Columbia.

### 4.    *The relative means of the parties.*

The relative means of the parties is neutral. Neither Ms. Hutchinson nor Mr. Bobulinski are unfairly advantaged or disadvantaged by their access to resources. Ms. Hutchinson has a national law firm representing her that has

experience working in the District of Columbia (through their representation of her before the January 6 Committee). Likewise, she is profiting from every sale of her book in which she defamed Mr. Bobulinski. Neither venue shifts this balance one way or the other.

### 5. *The forum's familiarity with the governing law.*

If this matter is transferred to the District of Columbia for lack of personal jurisdiction, then it is likely that District of Columbia law would be applied. As noted above, Ms. Hutchinson claims that she wrote her book while she was residing in the District of Columbia. Therefore, it is most likely that the applicable law would be the District of Columbia's law, with which the D.D.C. would be most familiar applying. Regardless, federal courts regularly are called upon to apply the laws of other states and do so without issue. Accordingly, little weight should be applied to this factor either way.

### 6. *The weight accorded a plaintiff's choice of forum.*

Generally, considerable weight is given to the Plaintiff's choice of forum. Here, that would weigh in favor of a transfer that is requested by the Plaintiff, Mr. Bobulinski.

###### 7.    *Trial efficiency and the interests of justice, based on the totality of the circumstances.*

Transfer to the D.D.C.at this early stage of the case would not result in a duplication of efforts between courts or result in unnecessary delay. Nor does the congestion of the courts' respective dockets counsel against transfer. To the contrary, the Federal Court Management Statistics for the period ending December 31, 2024, indicate that the Northern District of Georgia handles more cases relative to the D.D.C. *See* U.S. Courts, Judicial Business of the United States Courts: 2024 Annual Report, Table C-3 (Sept. 30, 2024), https://www.uscourts.gov/sites/default/files/2024-12/jb_c3_0930.2024.pdf. Both parties are also equally likely to obtain a fair and impartial ruling in either federal court system. Therefore, this factor is, at worst, neutral.

### c.    The interests of justice weigh in favor of transfer.

Furthermore, where jurisdiction is not proper in the current forum, courts may, in the interests of justice, transfer cases pursuant to 28 U.S.C. § 1406(a). *Barton Southern Co., Inc. v. Manhole Barrier Systems, Inc.*, 318 F. Supp. 2d 1174, 1178 (N.D. Ga. 2004). "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district rather than dismiss them." *Clemmons v. Animal Care & Control of NYC*, No. 1:12-cv-01433, 2012 WL 5987862, at *2 (N.D. Ga. Oct. 22, 2012), *report and recommendation adopted*, No. 1:12-CV-1433, 2012 WL 5987589 (N.D. Ga. Nov. 28, 2012). This

is true even where the plaintiff did not have a good faith basis for proving jurisdiction in the improper forum. *Robinson v. Sacramento Hotel Partners*, No. 1:18-cv-03628, 2019 WL 2084538, at *6 (N.D. Ga. Jan. 10, 2019). Here, because this case would likely be time-barred if dismissed, and the case is not without merit, it is in the interests of justice to transfer this matter.

As this district has noted multiple times, when an action would be time-barred, the interests of justice support transfer. *See Collins v. Hagel*, No. 1:13–cv–2051, 2015 WL 5691076, at *3 (N.D. Ga. Sept. 28, 2015); *Robinson*, 2019 WL 2084538, at *6; *Curry v. Gonzales*, No. 1:05-cv-2710, 2006 WL 3191178, at *4 (N.D. Ga. Oct. 31, 2006); *Richards v. Childers*, No. 1:19-cv-01027, 2019 WL 12444529, at *3 (N.D. Ga. Oct. 24, 2019). The statute of limitations for defamation in Washington, D.C., is one year. *Wood v. American Federation of Government Employees*, 255 F. Supp. 3d 190, 198 (D.D.C. 2017). Here, the subject defamatory statements were published on September 26, 2023. Dkt. No. 20 at ¶ 42. Accordingly, this case would likely be time-barred, weighing in favor of transfer.[2]

---

[2] *See Jovanovic v. US-Algeria Bus. Council*, 561 F. Supp. 2d 103, 111–12 (D.D.C. 2008) (holding that the statute of limitations is not tolled when a case is dismissed in another forum for lack of personal jurisdiction).

Furthermore, as the Court indicated from the bench at oral argument, Mr. Bobulinski has plausibly pled a claim for defamation and false light invasion of privacy. As briefed, Defendant made the false statement that Mr. Meadows secretly handed Mr. Bobulinski "what appeared to be a folded sheet of paper or a small envelope." Am. Compl. at ¶ 66. Statements can become defamatory through implication and innuendo. *Project Veritas v. Cable News Network, Inc.*, 591 F. Supp. 3d 1322, 1330 (N.D. Ga. 2022). Georgia courts have instructed that "[w]ords apparently innocent may convey such a charge when they are considered in connection with the innuendo and the circumstances surrounding their publication." *Williams v. Equitable Credit Co.*, 33 Ga. App. 441, 126 S.E. 855 (1925). As Mr. Bobulinski has explained, the surrounding context of Defendant's statement created a defamatory implication. *See* Dkt. No. 29 at 11–14.

Additionally, Defendant acted with actual malice. As part of this position, Defendant was present, and standing nearby, when Mr. Bobulinski met with Mr. Meadows in Rome, Georgia. *Id*. at ¶¶ 41, 44. She even wrote about how she watched the meeting take place. *Id*. at ¶ 44. Thus, Defendant knew her statement that Mr. Meadows handed Mr. Bobulinski a folded piece of paper or small envelope was false. *Id*. at ¶ 57. As this district has noted, because it is "rare for a defendant to admit actual malice," "a court can infer actual malice from objective facts," and "[p]rofessions of good faith will be

14

unlikely to prove persuasive." *Reid v. Viacom Int'l Inc.*, No. 1:14-cv-1252, 2016 WL 11746046, at *13 (N.D. Ga. Sept. 14, 2016) (citing *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016)). This is especially true, as is the case here, "where a story is fabricated by the defendant." *Id*. Here, Defendant plainly made up an event to sell copies of her book.

Accordingly, because this case has merit, and the case would otherwise likely be time-barred, transfer is in the interests of justice. Therefore, in addition to 28 U.S.C. § 1404, transfer is proper pursuant to 28 U.S.C. § 1406.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests, if this Court feels inclined to dismiss this matter on personal jurisdiction grounds, that this Court, instead, transfer the matter to the United States District Court, District of Columbia.

Dated: March 12, 2025

ANTHONY BOBULINSKI
*By Counsel*

Respectfully submitted,

*/s/ Jesse R. Binnall*
Jesse R. Binnall (*pro hac vice*)
Jason C. Greaves (*pro hac vice*)
Jared J. Roberts (*pro hac vice*)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200

Alexandria, VA 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jesse@binnall.com
jason@binnall.com
jared@binnall.com

David F. Guldenschuh
(Bar No. 315175)
DAVID F. GULDENSCHUH, P.C.
512 E 1st St
Rome, GA 30161
Phone: (706) 295-0333
Fax: (706) 295-5550
dfg@guldenschuhlaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that this document has been prepared in Century Schoolbook, 13-point font, as specified by this Court in Local Rule 5.1(C).

*/s/ Jesse R. Binnall*
Jesse R. Binnall (*pro hac vice*)

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 12, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

*/s/ Jesse R. Binnall*
Jesse R. Binnall (*pro hac vice*)

*Attorney for Plaintiff*