IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BOBULINSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASSIDY HUTCHINSON, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:25-cv-00771-EGS |

**JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING
AND SET BRIEFING SCHEDULE**

Plaintiff Anthony Bobulinsky ("Plaintiff") and Defendant Cassidy Hutchinson ("Defendant") (together, the "Parties"), by and through their undersigned counsel, jointly seek leave to file supplemental briefing in connection with Defendant's pending Rule 12(b)(6) arguments, in accordance with the proposed briefing schedule set forth below, following the transfer of this matter to the District of Columbia from the Northern District of Georgia. In support of this Joint Motion, and for good cause, the Parties state as follows:

1. On March 4, 2024, Plaintiff filed his Complaint (Dkt. 1) in the Northern District of Georgia, Rome Division;

2. After waiving service on March 8, 2024 (Dkt. 12) and receiving a limited extension of her time to respond to the Complaint (Dkt. 16), on May 21, 2024, Defendant timely filed a Motion to Dismiss (Dkt. 17) pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6);

3. After receiving a limited extension of his time to respond to Defendant's Motion to Dismiss (Dkt. 19), on June 18, 2024, in lieu of responding to Defendant's Motion to Dismiss, Plaintiff filed his First Amended Complaint (Dkt. 20), asserting state-law claims for defamation,

1

defamation by implication, and false light – invasion of privacy and invoking the court's diversity jurisdiction;

4. On July 18, 2024, Defendant filed a Motion to Dismiss the Amended Complaint (the "Motion to Dismiss") (Dkt. 25) pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), applying Georgia law pursuant to Georgia's choice-of-law rules;

5. On February 19, 2025, the district court in the Northern District of Georgia held a hearing on the Motion to Dismiss, after which the court requested the parties submit additional briefing on whether the case could be transferred in lieu of dismissal for lack of personal jurisdiction over Defendant in the Northern District of Georgia;

6. On March 12, 2025, Plaintiff filed a Motion to Transfer this case to the District of Columbia should the district court in the Northern District of Georgia determine it lacked personal jurisdiction over Defendant (*see* Dkt. 39), and Defendant filed her brief objecting to transfer in lieu of dismissal (*see* Dkt. 40);

7. On March 17, 2025, the district court in the Northern District of Georgia granted in part Defendant's Motion to Dismiss on Rule 12(b)(2) grounds and transferred the case to the District of Columbia (*see* Dkt. 41);

8. Because the district court in the Northern District of Georgia determined it lacked personal jurisdiction over Defendant, but did not dismiss the case, Defendant's Rule 12(b)(6) arguments remain pending (*see* Dkt. 25; Dkt. 41 at 1, 7 (noting Defendant's motion was brought on both Rule 12(b)(2) and (6) grounds and resolving only as to the Rule 12(b)(2) motion));[1]

---

[1] While the district court in the Northern District of Georgia did not deny as moot or expressly defer resolution of the Rule 12(b)(6) part of the motion to this Court, (*see* Dkt. 41 at 1, 7), there is no question that it did not decide and could not have decided any of the Rule 12(b)(6) issues on the merits. (*See generally* Dkt. 41). *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 510 (D.C. 2018) ("[W]hen personal jurisdiction is in question, a court must first

9.  On March 19, 2025, counsel for the Parties met and conferred pursuant to Local Rule 7(m), and the Parties agreed to jointly seek leave to submit supplemental briefing on the pending 12(b)(6) issues in light of the transfer of this case to this Court and the need to apply the appropriate law pursuant to District of Columbia's choice-of-law rules;

10. The Parties believe that such supplemental briefing will promote judicial economy and efficiency and aid this Court in resolving the Rule 12(b)(6) issues;

11. Plaintiff's position is that supplemental briefing may be accomplished in twenty-five pages, as was the case in the Northern District of Georgia. Defendant's position is that her Rule 12(b)(6) has not yet been fully briefed under the appropriate law in a court with jurisdiction, so no limitations should be imposed beyond this Court's standard briefing page limits. *See* Local Rule 7(e).

WHEREFORE, the Parties respectfully request the Court grant leave to file supplemental briefs on the pending Rule 12(b)(6) issues according to the following proposed briefing schedule:

a.  Defendant shall file her supplemental brief in support of her Rule 12(b)(6) motion to dismiss (Dkt. 25) within thirty (30) days of entry of an Order on this Joint Motion;

b.  Plaintiff shall have twenty-one (21) days to respond to Defendant's brief;

c.  Defendant shall file her supplemental reply brief within fourteen (14) days of Plaintiff's response.

---

determine that it possesses personal jurisdiction over the defendants before it can address the merits of a claim.") (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430-31 (2007)). Accordingly, the 12(b)(6) part of the motion remains pending before this Court, as this Court has recognized in other transferred cases. *See, e.g.*, *Boomer Dev., LLC v. Nat'l Ass'n of Home Builders of the U.S.*, 258 F. Supp. 3d 1, 7-8 (D.D.C. 2017) (determining choice-of-law issues and resolving Rule 12(b)(6) part of motion after transfer); *Lopiccolo v. Am. Univ.*, 840 F. Supp. 2d 71, 74-75 (D.D.C. 2012) (same).

Respectfully submitted this 25th day of March, 2025.

| | |
|---|---|
| */s/ Jesse R. Binnall (with permission)* | */s/ Edward T. Kang* |
| Jesse R. Binnall (D.C. Bar No. VA022) | Edward T. Kang (D.C. Bar No. 1011251) |
| BINNALL LAW GROUP, PLLC | ALSTON & BIRD LLP |
| 717 King Street, Suite 200 | 950 F Street NW |
| Alexandria, VA 22314 | Washington, DC 20004-1404 |
| Telephone: (703) 888-1942 | Telephone: 202-239-3300 |
| Fax: (703) 888-1930 | Fax: 202-239-3333 |
| jesse@binnall.com | Edward.Kang@alston.com |
| | |
| *Counsel for Plaintiff* | Christina Hull (*pro hac vice* forthcoming) |
| | Jyoti J. Kottamasu (*pro hac vice* forthcoming) |
| | Taylor Lin (*pro hac vice* forthcoming) |
| | ALSTON & BIRD LLP |
| | 1201 West Peachtree Street |
| | Atlanta, GA 30309-3424 |
| | Telephone: 404-881-7000 |
| | Fax: 404-881-7777 |
| | Christy.Hull@alston.com |
| | Jyoti.Kottamasu@alston.com |
| | Taylor.Lin@alston.com |
| | |
| | *Counsel for Defendant* |